UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

March 7, 2022

LETTER TO COUNSEL:

    RE:    *Justin L. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
             Civil No. TJS-21-97

Dear Counsel:

    On January 12, 2021, Plaintiff Justin L. petitioned this Court to review the Social Security Administration's final decision to deny his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 15 & 16. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

    Justin L. filed his applications for DIB and SSI in April and May 2018. Tr. 10. He alleged a disability onset date of September 14, 2017. *Id.* His applications were denied initially and upon reconsideration. *Id.* Justin L. requested an administrative hearing, and a telephonic hearing was held on October 1, 2020, before an Administrative Law Judge ("ALJ"). Tr. 66-103. In a written decision dated October 15, 2020, the ALJ found that Justin L. was not disabled under the Social Security Act. Tr. 7-32. The Appeals Council denied Justin L.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

    The ALJ evaluated Justin L.'s claims for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. At step one, the ALJ found that Justin L. had not engaged in substantial gainful activity since September 14, 2017, the alleged onset date. Tr. 13. At step two, the ALJ found that Justin L. suffered from the following severe impairments: spine disorder, depressive disorder, anxiety-related disorder, trauma-related disorder, and substance abuse (heroin). *Id.* At step three, the ALJ found that, even with his substance use, Justin L.'s impairments, separately and in combination, failed to meet or equal in severity any listed

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On February 17, 2022, it was reassigned to Judge Hurson. On February 28, 2022, it was reassigned to me.

impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 13-16. The ALJ determined that Justin L. retained the residual functional capacity ("RFC") to perform light work with limitations that included experiencing more than two days of unexcused absences per month due to substance use. Tr. 16. At step four, the ALJ determined that Justin L. was unable to perform past relevant work. Tr. 20. At step five, relying on testimony provided by a vocational expert ("VE"), and considering Justin L.'s age, education, work experience, and RFC based on all his impairments, including his substance use disorder, the ALJ determined that there were no jobs that existed in significant numbers in the national economy that he could have performed. Tr. 21. Accordingly, the ALJ found that Justin L. was disabled under the Social Security Act. *Id.*

The ALJ found, however, that, if Justin L. stopped substance use, he would continue to have severe impairments but that these impairments would not meet or equal the severity of any impairment in the Listings. Tr. 21-24. The ALJ determined that, if Justin L. stopped substance use, he would retain the RFC "to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations:[] frequently climb stairs, balance, and kneel; occasionally stoop, crouch, and crawl; should never climb ladders; is able to perform simple, routine tasks; can occasionally interact with supervisors, co-workers, and the public." Tr. 24. The ALJ then determined that, absent substance use, Justin L. would still be unable to perform past relevant work. Tr. 25. Relying again on VE testimony, and considering Justin L.'s age, education, work experience, and RFC, the ALJ determined that, if Justin L. stopped substance use, there are jobs that exist in significant numbers in the national economy that he can perform, including "marker"; "classifier, laundry"; and "mail clerk, non-postal." Tr. 26. Accordingly, the ALJ found that Justin L. was not disabled under the Social Security Act because his substance use disorder was a contributing factor material to the determination of disability. *Id.*

Justin L. argues that this case must be remanded for further proceedings because (1) the ALJ did not account for his moderate limitation in concentrating, persisting, or maintaining pace ("CPP") in the RFC assessment; (2) the ALJ did not explain how, despite his moderate limitation in CPP, he would be able to remain on task for more than 85% of an eight-hour workday; (3) the ALJ mischaracterized the evidence; and (4) the ALJ did not properly evaluate his subjective complaints. ECF No. 15-1 at 6-15. For the reasons discussed below, however, these arguments are without merit.

First, Justin L. contends that the ALJ's RFC determination does not account for his moderate limitation in CPP, and thus runs afoul of the Fourth Circuit's decision in *Mascio*, 780 F.3d at 638. ECF No. 15-1 at 6-8. In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* When an ALJ finds that a claimant has limitations in concentration, persistence, or pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.* The Fourth Circuit, however, "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). Rather, when "medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite

2

limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id.* (quoting *Winschel*, 631 F.3d at 1180).

As part of the step three analysis, the ALJ found that Justin L. had a moderate limitation in CPP. Tr. 15, 23. The ALJ also discussed Justin L.'s ability to concentrate, persist, or maintain pace elsewhere in his decision, noting the prior administrative medical findings of the state agency consultants who opined that Justin L. had a moderate limitation in CPP but "would still be able to carryout [sic] simple instructions" and had "the capacity to complete simple, unskilled work as needed." Tr. 20, 111, 116, 117, 126, 131, 132, 147, 153, 167, 173. The ALJ found their opinions to be persuasive because they were "consistent with the objective evidence" (Tr. 20). *See* 20 C.F.R. §§ 404.1520c, 416.920c. The ALJ thus "explain[ed] how substantial evidence supports his conclusion as to [Justin L.'s] CPP abilities in a work setting." *Terri S. v. Saul*, Civil No. DLB-19-3607, 2021 WL 168456, at *2 (D. Md. Jan. 19, 2021) (Boardman, J.), *reconsideration denied sub nom. Terri S. v. Kijakazi*, No. DLB-19-3607, 2021 WL 5395960 (D. Md. Nov. 18, 2021); *see Shinaberry*, 952 F.3d at 121 (holding that ALJ's finding that limited claimant with moderate limitations in concentration, persistence, and pace to performing "simple, routine, and repetitive tasks" accounted for claimant's mental limitations where ALJ "discussed in detail the psychological evaluations performed by the SSA psychological consultants" and other evidence); *Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017) (rejecting argument that remand was required under *Mascio* because ALJ failed to specifically account for claimant's moderate difficulties with regard to concentration, persistence and pace, because more detailed medical findings provided substantial support for RFC limitations).

The Fourth Circuit's reasoning in *Sizemore* "did not depend upon whether the ALJ 'adopted' a particular medical source opinion in whole or in part." *Terri S.*, 2021 WL 168456, at *3. Rather, the Fourth Circuit in *Sizemore* was concerned with whether substantial evidence supported the ALJ's RFC determination. *Id.*; *see Sizemore*, 878 F.3d at 80-81. "The ALJ's discussion of [the state agency consultants' opinions] with respect to [Justin L.'s] work capabilities and [his] mental limitations makes clear the ALJ relied on substantial evidence in finding that [his] moderate CPP limitation did not require other RFC limitations." *Terri S.*, 2021 WL 168456, at *4 (citing *Sizemore*, 878 F.3d at 81). Because the ALJ applied correct legal standards and made findings supported by substantial evidence, Justin L.'s argument that remand is warranted under *Mascio* is without merit.

Second, Justin L. maintains that the ALJ failed to explain how, despite his moderate limitation in CPP, he would be productive or remain on task for more than 85% of an eight-hour workday. ECF 15-1 at 8. The VE testified that an employer would not tolerate off-task behavior amounting to 15% of the time at work. Tr. 100. The ALJ, however, did not ultimately include such a limitation in Justin L.'s RFC. "Indeed, the 'ALJ is not required to accept the vocational expert's opinion for a hypothetical based on limitations that the ALJ did not include in the [residual functional capacity].'" *Brian S. v. Saul*, No. 3:20CV065 (JAG), 2021 WL 748087, at *13 (E.D. Va. Feb. 10, 2021) (alteration in original) (quoting *Prim v. Colvin*, No. 7:14CV00135, 2015 WL 4757104, at *4 (W.D. Va. Aug. 11, 2015)), *report and recommendation adopted*, No. 3:20CV65, 2021 WL 744149 (E.D. Va. Feb. 25, 2021); *see Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). Instead, the ALJ found that, despite Justin L.'s moderate limitation in CPP, he retained the ability

to perform simple, routine tasks (Tr. 15, 16, 23, 24). *See Shinaberry*, 952 F.3d at 121; *Sizemore*, 878 F.3d at 80-81. "Accordingly, the ALJ did not err by failing to explain how [Justin L.] possessed the ability to concentrate, persist, and maintain pace throughout an eight-hour workday with only a fifteen percent loss of productivity, because the ALJ did not make such a finding." *Brian S.*, 2021 WL 748087, at *13.

Third, Justin L. contends that the ALJ "mischaracterized the evidence" and "failed to explain how an individual with this plethora of ongoing symptoms would be capable of working eight hours per day, five days per week, even if limited to simple routine tasks and no more than occasional contact with supervisors, coworkers, and the public." ECF No. 15-1 at 8, 11. In evaluating the evidence in an appeal of a denial of benefits, however, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Justin L.'s argument that the Court essentially should reweigh the evidence thus fails.

Last, Justin L. argues that the ALJ did not properly evaluate his subjective complaints. ECF No. 15-1 at 12-15. In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test. *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* §§ 404.1529(c), 416.929(c). At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, and statements by the claimant. *Id.* To evaluate a claimant's statements, ALJs must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 97 (4th Cir. 2020). In other cases, the ALJ may consider that objective evidence, or lack thereof, in conjunction with other evidence. 20 C.F.R. §§ 404.1529(c), 416.929(c). In any case, the ALJ may not rely solely on the lack of objective medical evidence to discredit a claimant's subjective statements. *Id.* Claimants are entitled to rely exclusively on subjective evidence to prove the degree to which their symptoms affect their ability to work at the second step of the analysis. *Arakas*, 983 F.3d at 95-97.

The ALJ's written decision presents a detailed statement of Justin L.'s subjective complaints. The ALJ first found that Justin L.'s medically determinable impairments could reasonably be expected to produce his alleged symptoms. Tr. 19, 24. The ALJ then proceeded to

4

consider Justin L.'s allegations in concert with the other evidence in the record, including Justin L.'s statements about his symptoms over time, the extent of his daily activities, and the objective evidence in the record. Tr. 14-20, 23-25. In considering the totality of the evidence, the ALJ explained his finding that Justin L.'s statements about the severity of his symptoms could not be completely reconciled with other persuasive evidence. Weighing all the evidence, the ALJ found that, if Justin L. stopped his substance abuse, his impairments would not be disabling and that he could perform work with the limitations contained in the RFC.

Again, "[w]here the ALJ did consider [Justin L.'s] full treatment history, as is clear here, it is not proper on appeal for the Court to reweigh such evidence." *Carollyn S. v. Kijakazi*, Civil Action No. ADC-20-2552, 2021 WL 4170431, at *9 (D. Md. Sept. 14, 2021). And Justin L. "cannot rely exclusively on subjective evidence to prove that [his] mental impairments prevent [him] from working a full eight-hour day." *Carolyn G. v. Kijakazi*, Civil Action No. ADC-20-1363, 2021 WL 2982129, at *5 (D. Md. July 15, 2021). "Had the ALJ relied exclusively on a lack of objective evidence, the analysis would be flawed. Here, however, the ALJ considered the inconsistency of [Justin L.'s] alleged symptoms with objective evidence as just one component of the assessment." *Jai P. v. Saul*, Civil No. TJS-19-3371, 2021 WL 424469, at *2 (D. Md. Feb. 8, 2021) (citation omitted). "Because the ALJ did not rely exclusively on objective evidence in assessing the severity of [Justin L.'s] symptoms, this argument is without merit." *Id.* Substantial evidence supports the ALJ's evaluation of Justin L.'s subjective complaints.

In short, the Court's review is confined to whether substantial evidence supports the ALJ's decision and whether the correct legal standards were applied. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The Court is not permitted to reweigh the evidence, even if the Court believes the ALJ could have reached a different conclusion. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ's decision complies with the governing legal standards and is supported by substantial evidence. The Court thus affirms the Acting Commissioner's final decision.

For the reasons set forth above, Justin L.'s Motion for Summary Judgment (ECF No. 15) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 16) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                              Sincerely yours,

                                              /s/
                                            Timothy J. Sullivan
                                            United States Magistrate Judge